CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, APPELLANT, v. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.

CHARLES P. MEGAN, TRUSTEE, APPELLANT, v. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.

276 N. W. 391

FILED DECEMBER 15, 1937. NOS. 30263, 30264.

*Wymer Dressler, Robert D. Neely* and *Hugo J. Lutz,* for appellants.

*Richard C. Hunter, Attorney General,* and *Edwin Vail,* contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ., and KROGER, District Judge.

GOSS, C. J.

Plaintiffs in these two cases appealed from the assessment of the state board of equalization and assessment, fixing valuations of plaintiffs' separate properties for assessment purposes in the state for the year 1937. The cases were certified together, were brought to this court on one record, were briefed together, and were orally argued together. For brevity, plaintiff in first case will be called Omaha railroad and plaintiff in second case will be called Northwestern railroad.

The state board of equalization and assessment assessed the true value of the properties of the Northwestern railroad in this state at $11,021,777 and assessed the true value of the properties of the Omaha railroad in this state at $2,643,895.

While the complaints of these railroads before the state board included other things, the railroads limit themselves in their assignments of error to the following: That the board erred in including as a part of the system value of the Northwestern railroad for 1937 an item of $25,349,809, representing unpaid matured interest on outstanding bonds; and erred in including as a part of the system value of the Omaha railroad for 1937 an item of $11,277,052.50, representing unpaid interest on outstanding bonds. It is stated by appellants that each item was not only a duplication in the market value of the bond itself, but is a gross error *per se* and constitutes no evidence whatever of either system value or of Nebraska value.

The method of fixing the value of a railroad for assessment purposes is rather complicated, especially where such railroad is a part of a large system operating in other states. In view of the facts and the narrowing of the issues by the errors assigned in these cases, it is not necessary to delineate all the elements entering into the matter.

There are various standard methods of valuation of railroads for taxation purposes. For examples: The ad valorem method, by which the property is appraised the same as other property in the state; the capitalized income method, under which the net income is ascertained and the amount thus derived is capitalized at some fair rate of return; and the stock and bonds method, by which the value of the stocks, bonds and other outstanding indebtedness is considered with other property values with a view of arriving at a market value. These are not all the methods, but they suffice to show at a glance some of the more customary methods of valuation.

The Nebraska board in 1937 used the stock and bond method in arriving at the value of all railroads in the state. Where railroad companies are solvent this seems to be conceded to be a fair method, because there is no possible controversy over the matter of the current liabilities of such a railroad. But in the case of both the Northwestern and Omaha railroads, they were insolvent. Probably their inability to pay interest was the cause of their insolvency. By virtue of their insolvency they were not only unable to pay interest on their bonds, but were also unable to fund the interest in new bonds to be issued for that purpose in the customary manner of railroads unable to pay their current indebtedness with reasonable promptness. For this reason, the state board appraised these interest debts as current liabilities and considered them in connection with the current assets in arriving at the real system value of the properties for 1937. Of the system value of the Northwestern railroad 8.23 per cent. was allocated to Nebraska and of the Omaha railroad 9.37 per cent. was allocated to Nebraska. It seems that the unpaid bonds of the Northwestern system bear interest at the rate of $16,000,000 a year. If the roads should not be sold, it is apparent that in a few years their current liabilities will exceed the value of the roads.

We find in the record that the stock and bond method

was begun to be used in Nebraska in 1929 and has continued in use ever since; that in that period the Northwestern railroad has received a decrease in taxation of 63.49 per cent., the Omaha railroad has received a decrease of 63.62 per cent., whereas, the decrease of all taxable property, including railroads, has been 33.56 per cent., and the value of all property in the state, exclusive of railroads, has decreased only 32.72 per cent. We do not quote the figures in dollars and cents though they are in the record. It is suggested by Mr. Smith, Tax Commissioner, that it may be necessary in the future to follow some other method in appraising the value of insolvent railroads.

In the case of *Rowley v. Chicago & N. W. Ry. Co.*, 293 U. S. 102, the court said: "The ascertainment of the value of a railway system is not a matter of arithmetical calculation and is not governed by any fixed and definite rate. Facts of great variety and number, estimates that are exact and those that are approximations, forecasts based on probabilities and contingencies have bearing and properly may be taken into account to guide judgment in determining what is the money equivalent—the actual value—of the property."

In the case of *Great Northern Ry. Co. v. Weeks*, 297 U. S. 135, the court say: "In determining the amount of the assessment the board was not bound by any formula, rule or method, but for guidance to right judgment it was free to consider all pertinent facts, estimates and forecasts and to give to them such weight as reasonably they might be deemed to have. Courts decline to disturb assessments for taxation unless shown clearly to transgress reasonable limits."

In the case of *Chicago, R. I. & P. R. Co. v. State*, 111 Neb. 362, 197 N. W. 114, this court, in an opinion by Judge Letton, said: "The subject of the valuation of railroads is a difficult one. Neither railroad commissioners, nor taxing authorities, nor courts have as yet arrived at settled or infallible rules or criteria for the ascertain-

ment of actual value of such property. Approximation is all that can reasonably be expected." The eighth paragraph of the syllabus in that case is as follows: "There are no settled or infallible rules for the ascertainment of the actual value of railroad property for the purpose of taxation. Approximation to actual value is all that can reasonably be expected. If the value fixed by the state board bears a similar proportion to the actual value that the valuation of other property does, such a valuation for assessment purposes is valid."

In view of the fact that the stock and bond method was used by the state board, that it is one of the methods ordinarily used for ascertaining the value of a railroad for equalization purposes, and in view of the fact that the results in the instant cases show that the valuations are equitable and just when the valuations are compared with those of all other property in the state, we find no reversible error in the record.

The findings and judgments of the state board of equalization and assessment are affirmed in both cases.

AFFIRMED.